## 19290

EDGCOMB STEEL CO., Inc., individually and as representative of the class of property owners holding property within the boundaries of the Gantt Fire, Sewer & Police District, Respondent, v. GANTT FIRE, SEWER & POLICE DISTRICT, a public corporation, et al., Appellants.

(183 S. E. (2d) 567)

*E. P. Riley, Esq.,* of Greenville, *for Appellants,* cites:

*R. Frank Plaxco, Esq., of Leatherwood, Walker, Todd & Mann,* Greenville, *for Respondent,* cites:

September 23, 1971.

LEWIS, Justice.

This appeal involves the authority and procedure for levying taxes to meet the obligations and expenses of the defendant Gantt Fire, Sewer and Police District in Greenville County, South Carolina. The controversy arises out of the accumulation by the district of a large surplus over

the last few years, resulting from the continued imposition of a tax levy in excess of the annual requirements to meet the general operating expenses and debt retirement to obligations of the district. The amount of the tax levy has been determined solely by the commissioners of the district, without the submission to the tax authorities of any budgetary basis to justify the amount of the levy directed and, apparently, without consideration of any surplus on hand in determining the income available to meet the anticipated operating and debt expenses of the district for the ensuing year. Despite the surplus, the commissioners directed, as in the past, that the same levy be assessed on the property in the district for the 1970-71 fiscal period.

Plaintiff, a taxpayer, challenges the tax levy for the 1970-71 fiscal period, and seeks by mandamus to require the commissioners to annually submit to the auditor of Greenville County a budget or estimate of the district's financial needs for the ensuing year, together with a statement of anticipated receipts and any existing surplus, as the basis for a determination by the auditor of the amount of the tax levy to be imposed. The current tax levy was challenged as unwarranted, unlawful and arbitrary, in view of the surplus accumulated to the credit of the district. Injunctive relief was also sought to enjoin the further collection of taxes for the district until the proper tax procedures were followed.

After a hearing, the lower court concluded that the law required the commission to submit to the county auditor, each year, an estimate or budget showing the financial needs of the district for the ensuing year, together with an anticipated receipts and any surplus, upon the basis of which the auditor was required to determine the necessary tax levy. The court directed that such budget be submitted by the district to the auditor. The court further concluded that, until such was done, it would be impossible to determine whether the current tax levy was unwarranted and arbitrary. A decision of that question, as well as others presented,

was in effect, reserved until the commission complied with the order directing that the budget be submitted to the auditor.

The sole question preserved for consideration in this appeal is whether the commissioners of the district are required by law to prepare, annually, an appropriate budget showing the anticipated financial requirements of the district and reflecting therein any existing surpluses, as the basis for a determination by the county auditor of the necessary tax levy.

The defendant, Gantt Fire, Sewer and Police District is a public corporation, created in 1954 by special act of the General Assembly. 48 Stat. at L. 2215. The commissioners of the district are authorized to furnish fire, sewer and police services within the boundaries of the district and to issue bonds for such capital requirements as may be necessary and to make charges for services rendered. The act further provides for the levying of taxes upon property in the district for the enumerated purposes.

There has been imposed for a number of years an annual levy of 48 mills upon the property in the district, allocated 23 mills for the retirement of bonds and 25 mills for general operating expenses. Both, the 23 mill levy for debt retirement and the 25 mill levy for operating expenses, has created a surplus in the respective accounts. The fact that the levy has created a surplus has not been considered in fixing the amount of the tax for the ensuing year. The tax rate has remained constant and the surplus has continued to increase.

The amount of the tax levy, both for retirement of indebtedness and operating expenses, has heretofore been determined solely by the commissioners of the district and assessed at their direction by the county tax officials, without the submission to the county officials of any budgetary justification for the levy. Plaintiff contends that such discretion in fixing the tax levy does not rest with the commission. It is contended that the assessment of taxes for the district

is controlled by the provisions of Section 59-623 of the 1962 Code of Laws, which requires that the commissioners of a public works district shall, annually, submit a budget to the supervisor of the county for his approval, taking into account any surplus or deficit for the previous year in determining the amount of the tax to be imposed.

Section 59-623 is part of a general statute authorizing the creation of public works districts upon compliance with certain conditions. Section 59-601 *et seq.* of the 1962 Code of Laws. The defendant district, however, was not created under the provisions of the general statute but under a special act, 48 Stat. at L. 2215, *supra.* We have held that the terms of the foregoing general statute are permissive rather than mandatory, and did not preclude the creation of a public works district by special act. *Mills Mill v. Hawkins*, 232 S. C. 515, 103 S. E. (2d) 14.

The act creating the defendant district provides for the assessment of taxes and, therefore, the present issues must be determined under the provisions of the special act and not those of the general law.

Pertinent here, the act creating the district provides in Section 3, subsection 21 (e) and Section 3, subsection 24, as follows:

"21 (e) There shall be irrevocably pledged for the payment of the bonds and interest, as the same mature, the full faith credit and resources of the district and the Auditor and Treasurer of Greenville County, respectively, are hereby authorized and directed to levy and collect annually a tax upon all taxable property within the district sufficient to pay said bonds and interest as they respectively mature, and to create such sinking fund as may be necessary for the redemption of the bonds and interest at their respective maturities. The bonds may be additionally secured by a pledge of the net revenues which the district may derive from the operation of any revenue-producing facility. In such event, such net revenues as shall be available shall be delivered

to the Treasurer of Greenville County prior to the occassion when the auditor fixes the annual levy. The annual *ad valorem* tax herein directed to be levied may be reduced in each year by the amount of net revenues as aforesaid actually in the hands of the Treasurer of Greenville County at the time the tax for such year is required to be levied, and the tax may be entirely suspended for any year in case such moneys on hand, applicable as aforesaid, are sufficient to pay both principal and interest then due or falling due in such year and remaining unpaid."

"24. The commission is vested with the power to raise funds for discharging the duties vested in it by levying a tax therefor. The commission shall notify the auditor and treasurer of any desired tax, whereupon they shall assess and collect the tax as requested, and the treasurer shall hold the funds and disburse them as directed by the commission. All such taxes shall constitute a lien upon the property against which the same are levied, on a parity with the lien of county taxes, and the provisions of law relating to penalties for the non-payment or tardy payment of county taxes, and the provisions relating to sale of property for delinquent county taxes shall apply to taxes levied pursuant to this act."

Subsection 21(e) relates to the assessement of taxes to pay the bonds issued by the district and the interest thereon. Subsection 24 authorizes the levy of taxes to raise funds for discharging the other duties imposed on the commissioner of the district.

Under subsection 21(e) the auditor and treasurer of Greenville County are authorized and directed to levy and collect annually a tax sufficient to retire the indebtedness of the district. The provisions of this subsection clearly contemplate that the amount of the levy to pay indebtedness shall be fixed by the auditor of the county and collected by the treasurer *only* in such amount as is necessary to pay the indebtedness and interest as it matures. In fact, this subsec-

tion specifically authorizes the county tax officials to reduce or entirely suspend the tax levied for indebtedness, for any year, in case moneys on hand, applicable to such indebtedness, "are sufficient to pay both principal and interest then due or falling due in such year and remaining unpaid."

The record shows that the portion of the 48 mill levy allocated to the payment of indebtedness has created a surplus in that account. These funds are applicable *only* to the payment of the indebtedness of the district. The intent of the statute is that such surplus funds should be taken into consideration by the auditor and treasurer of Greenville County in determining the amount of subsequent tax levies to be imposed for the retirement of the indebtedness of the district.

Subsection 24 grants to the commissioners of the district the power "to raise funds for discharging the duties vested in it by levying a tax therefor." This provision is not inconsistent with the above subsection 21(e). It simply authorizes the commission to levy taxes for authorized purposes other than for the payment of indebtedness. In doing so, the commission is given the power to determine the amount of such levy and the auditor and treasurer are required to levy and collect the tax as determined by the commission. The direction is clear that the auditor and treasurer "shall assess and collect the tax as requested" and fixed by the commissioners of the district. Contrary to the contention of plaintiff and the holding of the lower court, the budget of the district is not required to be submitted to the county officials for approval.

We therefore hold that:

(1) the act creating the defendant district determines the authority and procedure for the assessment of taxes for district purposes;

(2) under Section 3, subsection 21(e), the authority to levy and collect an annual tax for debt retirement, including the amount thereof, is vested in the auditor and treasurer

for Greenville County in accordance with terms of said subsection as interpreted hereinabove; and

(3) Under Section 3, subsection 24, the sole authority to determine the amount of the tax levy for authorized purposes of the district, other than debt retirement, is placed in the commissioners of the district.

We emphasize that the only question properly before us, and decided herein, is whether the commissioners of the district are required under the governing law to, annually, submit to the auditor of Greenville County a budget or estimate of the district's financial needs, as the basis for a determination by the auditor of the tax levy for the ensuing year. We hold that the law does not so require, but that the duties and responsibilities of the officials involved with respect to the assessment of taxes for the district are governed by the provisions of the special act creating the district. Questions raised as to the legality of the tax imposed for the 1970-71 fiscal period were specifically reserved by the lower court and are not before us in this appeal.

The judgment of the lower court is accordingly reversed and the cause remanded for further proceedings.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.